*19 Opinion of the Court.
THIS is a motion to quash a sale of land, at one year’s credit, by virtue of an execution on a replevin bond, pursuant to the acts of assembly for the relief of debtors, and directing sales to be thus made. The motion was made by the purchaser of the estate sold, who gave the bond, and the court below sustained the motion, relying on the sole ground, that the law directing the sale, and consequently the sale and bond, was unconstitutional and void. The plaintiff in the execution prayed this appeal.
1. We have just decided, in the case of Small and Carr vs. Hodgen, that the defendant in the execution could not annul a bond, on this ground, even if the law be unconstitutional. It is now to be decided, whether the purchaser can do it? It is stated, in the case just cited, that the rights of the creditor alone, if there is an injury, are injured by the provisions of the law, as *20 between him and the debtor ; and we cannot see how the rights of the purchaser are made worse by the law, even admitting its repugnance to the constitution. The purchaser has no interest in the question, until he makes the purchase. The constitution, in this respect, does not secure, nor does the law take away any thing from him, by indulging the debtor whose estate is sold. If that estate is sold for ready money, the purchaser knows it ; if on a credit, he makes his contract accordingly, and must fulfil it, and ought not to be entitled to relief, because the creditor, who holds the bond and asserts its validity, has had his constitutional claims infringed.
The most plausible argument in favor of the purchaser being entitled to sustain this motion, on the hypothesis that the law is really a violation of the constitution, is, that the creditor has his election, either to avoid the bond or adhere to it ; and consequently, the title of the purchaser must be precarious and dependent on the will of the plaintiff ; and as the creditor may avoid the sale, after the estate sold, if moveable, may be inaccessible, and if real, may be in other hands by alienation, the right of the purchaser to the motion ought to be reciprocal with that of the creditor, and he ought to vacate the sale, lest the creditor might hereafter do it to his prejudice.
To this it may be replied, that the precarious tenure of the estate by the purchaser, is not more uncertain than many other cases presented in our code. For instance, nearly all purchases of estates from infants, are voidable by the infants. If they never seek to avoid them, they remain valid ; the purchaser cannot do it. In like manner, great frauds may be practised between a defendant and sheriff, to the great prejudice of the plaintiff in an execution, which possibly might affect the title of a purchaser, who was not a deep participator in that fraud, and the sale be thereby vacated, at the instance of the plaintiff; yet the plaintiff might in such case waive the fraud, and leave the contingent and uncertain title of the purchaser to become ultimately valid. The case of the purchaser, in this instance, is no worse. He is bound to see to the authority of the officer, and risks the validity of that authority, when he buys. The execution in this case certainly conferred a valid authority, as against the de *21 fendant, who had no constitutional infractions to his prejudice, to complain of ; but rather an indulgence, alleged to be subversive of the rights of the creditor, who, in this instance, does not complain, but waives his privilege, by insisting upon and adhering to the validity of the bond. We, therefore, conceive, that if the position that the law is unconstitutional, as decided by the court below, be assumed, it does not follow that the purchaser has a right to rely upon it; and the decision of that court, in this respect, is erroneous.
Wherever, on a motion to quash a bond given in consequence of a sale under execution, the exception is in the nature of a plea of non est factum, as denying the authority of the attorney who executed it, where it purports to have been executed by an attorney ; an affidavit denying the execution of the bond is necessary.
Where a bond given for the purchase money under a sale by execution, is for too much, the excess ought to be credited; but the bond ought not to be quashed.
2. It is, however, contended, that there is a sufficiency in the record, apparent in one other exception taken, to justify the decision of the court below. The bonds for the estate purchased were taken under two executions, and both are subscribed with the name of the purchaser, by his security, as his attorney in fact ; and it is contended, that the authority given did not authorise the agent to bid as much by one dollar, and then to give the bonds. This objection denies the bond, and is similar to a plea of non est factum ; and no affidavit was made or tendered by the purchaser, denying the execution of the bond, which is returned by the officer as properly executed. Although the statute which requires the plea of non est factum, may not, in its letter, embrace such a case, yet we deem it accordant with the spirit of the statute, and a sound rule of practice, on motions to quash such bonds, or in writs of error coram vobis, to require such oath, before the onus probandi is thrown on the opposite side. Without such rule, every replevin bond might be liable to be questioned by a bare suggestion, when the return of it by the officer ought to make it prima facie evidence. As, therefore, no oath, denying the execution of the bond, was tendered or made, nor did the purchaser prove, negatively, the want of authority, we conceive this exception cannot avail him, on this motion.
3. It is stated in the notice, that two bonds were given, each binding the purchaser to pay the whole price, instead of part ; and on the trial it is stated that the defendants in the motion offered to quash one bond, and to sustain the other. But we find in the record no such bonds, each binding the purchaser to pay the full price. The truth is, the land was sold under two executions, in favor of different persons, against the same defendants, and the price was apportioned between the *22 two executions, and a bond given for the proper proportion, to each. It does, however, appear, that but sixty seven dollars thirty three and one third cents, belonged to Schlatter’s execution. And although this is recited plainly in the condition of both bonds, yet in the obligatory clause, the purchaser and his security, as if by mistake, are bound to pay seventy one dollars and forty cents. This excess, however, according to repeated decisions of this court, would not authorise the annulling the whole bond ; but a credit for the excess might have been ordered, as tendered by the defendants in the motion.
The judgment is, therefore, reversed with costs, and the cause remanded, with directions to endorse the credit and overrule the motion.